IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TYRONE ELLIS,
ADC #149250                                                                PLAINTIFF

V.                      CASE NO. 5:17-CV-289-JM-BD

JEFFREY STIEVE                                                             DEFENDANT

## RECOMMENDED DISPOSITION

**I.   Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge James M. Moody Jr. Any party may file written objections to this Recommendation. If objections are filed, they must be specific and must include the factual or legal basis for your objection. Objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. By not objecting, parties may waive any right to appeal questions of fact.

**II.   Discussion**

Tyrone Ellis, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) In his complaint, Mr. Ellis claims that Defendant Stieve was deliberately indifferent to his serious medical needs.

Defendant Stieve has now moved to dismiss Mr. Ellis's claims against him, arguing that he has failed to state a constitutional claim. (#9) Mr. Ellis has responded to the motion, and it is ripe for review. (#12)

## III.   Analysis

Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint if the plaintiff's factual allegations, even if true, do not state a federal claim for relief. In deciding whether a plaintiff has stated a claim, the Court must determine whether the plaintiff has pleaded facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555, 127 S.Ct. 1955, 1965 (2007)(citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id*. at 1968 (citation omitted). Rather, the facts set forth in the complaint must be sufficient to "nudge [the] claims across the line from conceivable to plausible." *Id*. at 1974.

For purposes of reviewing this motion, the Court has assumed that the factual allegations in the complaint are all true. Because Mr. Ellis is not represented by a lawyer, his complaint is held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). Even though Mr. Ellis is proceeding without the help of a lawyer, he must still allege sufficient facts to support his claims. *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006); *Stone v. Harry*, 364 F.3d 912, 913 (8th Cir. 2004) (citing *Dunn v. White*, 880 F.2d

1188, 1197 (10th Cir.1989) ("we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded").

Deliberate indifference to a prisoner's serious medical needs is a violation of the United States Constitution. *McRaven v. Sanders*, 577 F.3d 974, 979 (8th Cir. 2009); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a deliberate-indifference claim, however, a plaintiff must allege that he suffered from an *objectively serious* medical need and that the defendant knew of the need, yet deliberately disregarded. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). In this context, a "serious medical need" is a condition or illness that has been diagnosed by a doctor as requiring treatment, or a need so apparent that a lay person would easily recognize the need for a doctor's attention. *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997).

For purposes of this motion, the Court will assume that Mr. Ellis had serious medical needs. The only remaining issue, then, is whether Defendant Stieve "actually knew of, but deliberately disregarded" those needs. *Id.*

Mr. Ellis alleges that Defendant Stieve, the Regional Medical Director for Correct Care Solutions, failed to timely approve Mr. Ellis's request to see a neurologist. The grievance papers attached to Mr. Ellis's complaint, however, fail to support Mr. Ellis's position.

According to grievance papers Mr. Ellis attached to his complaint, on March 30, 2017, a nurse practitioner examined Mr. Ellis and submitted a request for a neurology consultation to Defendant Stieve, and he approved the request. (#2 at p.9) Approximately one week later, on April 7, Mr. Ellis submitted an informal grievance inquiring as to the

3

status of the consultation request. (*Id.* at p.10) On April 11, a member of the medical staff responded to Mr. Ellis's grievance informing him that an appointment at the neurology clinic had been scheduled. (*Id.*) On April 14, Mr. Ellis proceeded with a formal grievance. (*Id.*)

On May 11, a member of the medical staff responded to Mr. Ellis's formal grievance advising Mr. Ellis as follows: "After a review of your encounters and records[,] it is clear that your appointment has been approved. Per the ADC policy[,] inmates are not allowed to know the appointment dates and times." (*Id.* at p.7) On July 10, Rory Griffin responded to Mr. Ellis's grievance appeal. (*Id.* at p.9) In his response, Mr. Griffin noted that Mr. Ellis had been seen by a neurologist on June 13, 2017. (*Id.*)

Based on facts alleged in Mr. Ellis's complaint, together with papers he attached to the complaint, Defendant Stieve did not act with deliberate indifference to Mr. Ellis's serious medical needs. Rather, the papers provided by Mr. Ellis show that Defendant Stieve approved the request for a neurology consultation for Mr. Ellis within twelve days after it was submitted. Defendant Stieve's conduct falls far short of a constitutional violation.

## IV.     Conclusion

The Court recommends that Defendant Stieve's motion to dismiss (#9) be GRANTED based on Mr. Ellis's failure to state a constitutional claim. Mr. Ellis's claims against Defendant Stieve should be DISMISSED, with prejudice.

DATED, this 31st day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE